IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00998-BNB

LANE L. SNYDER,

    Plaintiff,

v.

ARIE ZAVARES,
JAMES ABBOTT, and
SANDRA HARRIS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 1 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Lane L. Snyder, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. He submitted to the Court *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343 (1993) for money damages. Mr. Snyder has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006).

The Court must construe the complaint liberally because Mr. Snyder is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Snyder will be ordered to file an amended complaint.

Mr. Snyder alleges that on April 22, 2005, when he entered the DOC, he informed the prison doctors that he has a bullet lodged in his back, and that he is HIV positive. After apparently being tested for HIV, he also was informed that he has hepatitis-C. Since being tested, he complains that he has had shingles, debilitating back pain when he tries to exercise, and a drop to 350 in his T-cell count, white blood cells that turn on the immune system to fight disease and are the primary target of HIV. He also complains that he suffers from constant rectal bleeding. He contends that the defendants are not providing him with proper medical care. As a result, he argues that the defendants are violating his Eighth Amendment rights against cruel and unusual punishment by being deliberately indifferent to his serious medical needs.

Mr. Snyder does not appear to have sued the defendants who personally participated in the alleged violation of his constitutional rights concerning his medical care. Instead, he is suing the DOC executive director, the warden of his correctional facility, and the person who allegedly denied his step-two grievances concerning his medical care.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Snyder must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See**

2

***Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Snyder may use fictitious names, such as "John Doe" and "Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Snyder uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Mr. Snyder will be given an opportunity to file an amended complaint. He will be directed to do so below.

Mr. Snyder is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Snyder should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff Lane L. Snyder file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Snyder, together with a copy of this order, two copies of the Court-approved, prisoner complaint form for use in submitting the amended complaint. It is

FURTHER ORDERED that Mr. Snyder submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Snyder fails **within thirty days from the date of this order** to file an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED June 1, 2007, at Denver, Colorado.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00998-BNB

Lane L. Snyder
Prisoner No. 126117
CTCF - CH-7
PO Box 1010
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 6/1/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk