IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00998-PAB-KMT

LANE L. SNYDER,

    Plaintiff,

v.

SANDRA HARRIS,
DOCTOR RICKTER,
DOCTOR LOPEZ, and
WILLIAM A. KLENKE,

    Defendants.
_____

## ORDER
_____

    This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 113] concerning defendants' Motion for Summary Judgment [Docket No. 108]. On May 8, 2009, defendant Lopez filed timely objections [Docket No. 114] to the Recommendation. On May 13, 2009, plaintiff filed timely objections [Docket No. 115] to the Recommendation.[1] The Court has construed the plaintiff's pleadings liberally in light of his status as a *pro se* plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

    Plaintiff was a state prisoner who, during the times referred to in his complaint, was incarcerated at the Colorado Department of Corrections Territorial Correctional Facility in Cañon City, Colorado.

---

[1]Plaintiff also filed objections on June 24, 2009 without first seeking leave to do so [Docket No. 116]. The substance of those untimely objections do not call into question any of the Court's conclusions herein.

Plaintiff does not object to the magistrate judge's recommendation that summary judgment enter in favor of defendant Harris. Nor has he objected to the recommendation that the claims for compensatory damages against defendants in their official capacities be dismissed with prejudice. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[2] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that those portions of the Recommendation are a correct application of the facts and the law.

Plaintiff has objected to the Recommendation's conclusion that defendant Jay Richter, M.D., is entitled to summary judgment on the merits. The Court subjects that conclusion, like all those objected to in this case, to *de novo* review. Fed. R. Civ. P. 72(b). The magistrate judge, however, first concluded that plaintiff failed to exhaust administrative remedies in regard to his claim against defendant Richter. Plaintiff has not objected to the magistrate judge's finding regarding his failure to exhaust, and the Court is satisfied that there is "no clear error on the face of the record" regarding

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

plaintiff's failure to exhaust his claim against defendant Richter. *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.

Turning to the magistrate judge's merits determination, plaintiff claims he received inadequate treatment for his Human Immunodeficiency Virus from defendant Jay Richter, M.D., amounting to a violation of the Eighth Amendment. The record reveals no evidence that Dr. Richter "knew about and disregarded a 'substantial risk of harm' to [plaintiff's] health or safety." *Oxendine v. Kaplan*, 241 F.3d 1272, 1277 (10th Cir. 2001). Plaintiff "merely disagrees . . . with a prescribed course of treatment [provided by Dr. Richter, which] does not state a constitutional violation." *Id.* at 1277 n.7 (internal citations and quotations marks omitted). Therefore, the Court concurs with the Recommendation in regard to the claims against Dr. Richter.

Plaintiff has also objected to the recommendation that plaintiff's first claim be dismissed without prejudice for failure to exhaust administrative remedies. This claim arises out of plaintiff's allegation that defendant Klenke was deliberately indifferent to the continued presence of a bullet fragment in plaintiff's spine. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires prisoners to exhaust available administrative remedies prior to filing a federal lawsuit regarding prison conditions. "[P]risoners must 'complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The procedures available to plaintiff required that he complete a three-step grievance process. *See* CDOC Admin. Reg. 850-04 [Docket No. 108-3].

Failure to exhaust administrative remedies is an affirmative defense. *See id.* at 216. Therefore, defendants have the initial burden of coming forward with evidence showing their entitlement to summary judgment on this claim. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). They have done so.

Defendants have submitted the affidavit of Anthony Decesaro, who is a Grievance Officer for the Colorado Department of Corrections ("CDOC"). *See* Docket No. 108-4 at 1. Mr. Decesaro asserts that as of May 14, 2007, the date plaintiff filed the present lawsuit, the CDOC records revealed no Step 3 grievance by plaintiff regarding his claim against defendant Klenke. *See id.* Defendants also point out plaintiff's apparent admission that he failed to exhaust his administrative remedies on this claim. *See* Defs.' Mot. for Summ. J. [Docket No. 108] at 6; Compl. [Docket No. 6] at 6 ("I started hav[ing] pro[bl]ems with HIV and shingles then stopped [g]rievance for bullet. Then started Grievances for HIV [and] shingles and [r]ectal bleeding.").

Because defendants have met their "initial burden, the plaintiff must . . . demonstrate with specificity the existence of a disputed material fact." *Hutchinson*, 105 F.3d at 564. Plaintiff has failed to do so. He contends that he exhausted his administrative remedies on this claim, but that he was prevented from copying the grievances that would enable him to prove such exhaustion. *See* Docket No. 115 at 1. In lieu of copies, plaintiff has submitted copies of pages from his journal which he says reflect his efforts to exhaust. Plaintiff's arguments and the journal entries, however, are less than clear regarding the number and respective filing dates of grievances specific to this claim.

Even assuming he filed all three steps of the process, the record plaintiff relies upon undermines any contention that he exhausted such steps before filing suit. Plaintiff has attached two Photocopy Request Forms to his objections. He contends the forms evidence those occasions when he was prevented from copying his grievances. *See* Docket No. 115 at 6-7. Even if the Court accepts plaintiff's contention that he attempted to copy his grievances before filing them, the forms indicate that those attempts were made in June and August of 2007, after he had already filed the present lawsuit. *See id.*[3] The Court concurs with the Recommendation that there is no genuine dispute of material fact regarding plaintiff's failure to exhaust the available administrative remedies regarding his first claim for relief.

Defendant Lopez objects to the magistrate judge's recommendation that summary judgment in his individual capacity be denied. The magistrate judge concluded that "Dr. Lopez fail[ed] to persuade the court there is no genuine issue as to whether Plaintff's continued hemorrhoid condition was sufficiently serious for Eighth Amendment analysis purposes." Recommendation at 15. That conclusion was based on defendant's failure to address what, if any, treatment Dr. Lopez provided after his initial visit with plaintiff on December 18, 2006. In his objection, Dr. Lopez contends that he construed plaintiff's complaint as "alleging that Dr. Lopez was deliberately indifferent to Snyder's initial presentation of his hemorrhoid condition," and not his "continued hemorrhoid condition." Docket No. 114 at 2. Defendant Lopez has now

---

[3]Plaintiff has also submitted a Legal Access Program Denial Form which he claims is evidence of an attempt to copy his grievances. That form is dated October 19, 2007.

5

supplemented the record, providing the Court with evidence demonstrating that his involvement in plaintiff's treatment began and ended with that initial visit.

Dr. Lopez was a member of the CDOC Panel of Medical Consultants. The CDOC referred plaintiff to him for the purpose of receiving a colonoscopy. *See* Docket No. 114-2 ("Frantz Aff.") at 4, ¶ 11. Dr. Lopez prescribed a certain course of treatment to be administered by the CDOC medical staff, but was not plaintiff's treating physician. *See id.* at 4, ¶¶ 11, 14. He did not take part in any treatment decisions after the initial visit. *see id.*; Docket No. 114-2 at 4, ¶ 6; *see generally* Docket No. 114-2 at 8-15 (prison health records relating to treatment of plaintiff's hemorrhoid condition). Plaintiff has not disputed these facts. Finding there is no evidence otherwise supporting an Eighth Amendment claim against defendant Lopez, the Court finds defendant Lopez is entitled to summary judgment.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 113] is ACCEPTED in part and OVERRULED in part. It is further

**ORDERED** that defendants' motion for summary judgment [Docket No. 108] is GRANTED. It is further

**ORDERED** that plaintiff's claim for relief against defendant Klenke, in his individual capacity, contained in Claim One, is dismissed without prejudice. It is further

**ORDERED** that plaintiff's claims against defendants Richter and Lopez, in their individual capacities, contained in Claim Two and Three, are dismissed with prejudice. It is further

**ORDERED** that plaintiff's claim against defendant Harris is dismissed with prejudice. It is further

**ORDERED** that plaintiff's claims for compensatory damages against all defendants in their official capacities are dismissed with prejudice. It is further

**ORDERED** that plaintiff's motion for a hearing [Docket No. 133] is DENIED as moot. It is further

**ORDERED** that judgment shall enter in favor of defendants and against plaintiff.

DATED March 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge